United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BARBER,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF CRESCENT CITY, a California Municipality; DOUGLAS PLACK; and ERIC CAPON; and DOES 1-100 and Each of Them Inclusive,<br><br>    Defendants.                   / | No. C 08-4883 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

Defendants City of Crescent City (the City), Douglas Plack and Eric Capon move to dismiss the complaint. Plaintiff Michelle Barber opposes the motion. The matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court grants Defendants' motion and dismisses the complaint with leave to amend.

BACKGROUND

According to the complaint, Plaintiff has been a police officer for the Crescent City Police Department since 2000. Defendant Plack is the Chief of Police. Defendant Capon is a

police sergeant.

Plaintiff alleges that, since 2005, Defendants have "developed, implemented, authorized and ratified an ongoing pattern, practice and policy of intentional gender discrimination, harassment/hostile work environment and retaliation" against her, "injuring her in the terms and conditions of her employment, assignments, training, opportunities and promotional opportunities." FAC ¶ 24. Plaintiff further alleges that, since 2006, Defendants "developed, implemented, authorized and ratified an ongoing pattern, practice and policy of intentional sexual harassment and retaliation" against Plaintiff and other female City employees "and creation of a sexually hostile work environment, which for [Plaintiff] included verbal abuse and physical touching. During this period, these acts injured and re-injured [Plaintiff] and were objectively and subjectively offensive." Id. ¶ 25.[1] Plaintiff states that she and others complained to Chief Plack, the City Manager and the City Council, but nothing was done to correct the situation. After Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) in September, 2007, Defendants allegedly "engaged in an ongoing policy and practice of intentional retaliation" against her. Id. ¶ 30.

Plaintiff asserts five claims against Defendants: 1) a Title VII claim against the City for "intentional discrimination and harassment" on the basis of her sex; 2) a Title VII claim against the City for retaliation; 3) a claim under the California Fair Employment and Housing Act (FEHA) against the City for

---

[1] It is not clear from the complaint whether and to what extent the allegations in ¶ 24 overlap with those in ¶ 25.

2

"discrimination, harassment and retaliation" on the basis of her sex; 4) a claim under 42 U.S.C. § 1983 against all Defendants for violating her Fourteenth Amendment right to equal protection by discriminating against her and harassing her on the basis of her sex; 5) a claim under § 1983 against Defendants Plack and Capon for violating her Fourteenth Amendment right to equal protection and due process by retaliating against her.[2]

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal quotation marks and citations omitted). Rather, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." Id. at 1965.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and

---

[2] Plaintiff's constitutional claim for retaliation is more consonant with a violation of the First Amendment than the Fourteenth Amendment.

3

1 construe them in the light most favorable to the plaintiff.  <u>NL</u>
2 <u>Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).
3 Although the court is generally confined to a consideration of the
4 allegations in the pleadings, the court may also consider matters
5 of which judicial notice may be taken.  Doing so does not convert
6 the motion into one for summary judgment.  <u>United States v.</u>
7 <u>Ritchie</u>, 342 F.3d 903, 909 (9th Cir. 1993).  The court will deny a
8 motion to dismiss, unlike a motion for summary judgment, even where
9 the plaintiff is unable to demonstrate that material facts are in
10 dispute.

11     When granting a motion to dismiss, the court is generally
12 required to grant the plaintiff leave to amend, even if no request
13 to amend the pleading was made, unless amendment would be futile.
14 <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911
15 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment
16 would be futile, the court examines whether the complaint could be
17 amended to cure the defect requiring dismissal "without
18 contradicting any of the allegations of [the] original complaint."
19 <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

20                             DISCUSSION
21 I.   Sufficiency of the Allegations in the Complaint

22     Read liberally, the complaint can be interpreted as asserting
23 three types of claims: one for a hostile work environment; a second
24 for intentional discrimination, <u>i.e.</u>, discrimination other than by
25 subjection to a hostile work environment; and a third for
26 retaliation.  All of Plaintiff's claims fail because they rely on
27 bald legal conclusions and are not supported by factual
28 allegations.

4

A. Hostile Work Environment

In order to state a hostile work environment claim based on her sex, Plaintiff must allege: (1) that she was subjected to verbal or physical conduct of a sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment. See Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

Although Plaintiff has alleged that she was subjected to "a sexually hostile work environment," this legal conclusion is not supported by any factual allegations except the allegation that Plaintiff experienced unspecified "verbal abuse and physical touching." The complaint does not identify any unwanted verbal or physical conduct of a sexual nature, let alone describe conduct that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment. Her hostile work environment claim will therefore be dismissed with leave to amend to cure these defects.

B. Intentional Discrimination

To state a claim for employment discrimination based on disparate treatment, Plaintiff must allege that: (1) she belongs to a protected class; (2) she was subject to an adverse employment action; and (3) similarly situated individuals outside her protected class were treated more favorably. See Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008).[3]

---

[3] If the adverse employment action was denial of a promotion, Plaintiff must also allege that she applied for the promotion and was rejected despite her qualifications, and that her employer filled the position with an employee not of Plaintiff's class or
(continued...)

5

The complaint alleges that Plaintiff is a member of a protected class, but does not identify any adverse action taken against her or allege that similarly situated male employees were not treated in a similar way.  Plaintiff's claim for intentional discrimination will therefore be dismissed with leave to amend to cure these defects.

C.  Retaliation

To establish a prima facie claim for retaliation under Title VII, Plaintiff must show that: (1) she engaged in an activity protected under Title VII; (2) the City subjected her to an adverse employment action; and (3) there was a causal link between the protected activity and the City's action.  See Davis, 520 F.3d at 1093-94.

Although Plaintiff alleges that she engaged in a protected activity by filing discrimination charges with the EEOC, she has not identified any adverse employment action that was taken against her or alleged facts sufficient to imply a causal link between any such action and her EEOC charges.  Accordingly, her retaliation claim will be dismissed with leave to amend to cure these defects.

II.  Other Legal Bars to Relief

Defendants assert that Plaintiff's claims are legally barred for a number of reasons unrelated to the sufficiency of the allegations in the complaint.  Although the Court finds that the allegations in the complaint do not satisfy the notice pleading requirements of the Federal Rules, the Court anticipates that

---

[3](...continued)
continued to consider other applicants whose qualifications were comparable to Plaintiff's.  See Dominguez-Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1037 (9th Cir. 2005).

Defendants will raise their remaining arguments as grounds for dismissing any second amended complaint.  The Court will therefore rule on those arguments.

A.   Exhaustion of Administrative Remedies

1.   Title VII

A person seeking relief under Title VII must first file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1).  If the EEOC does not bring suit based on the charge, the EEOC must "notify the person aggrieved" that he or she can file suit.  Id. § 2000e-5(f)(1).  The notice is accomplished through a right-to-sue letter.  A person may file suit within "ninety days after the giving of such notice."  Id.

Defendants note that, although Plaintiff raised her claims of intentional discrimination and retaliation in two separate charges with the EEOC, she did not allege a hostile work environment.  They therefore argue that she is precluded from asserting a hostile work environment claim in this action.

Defendants appear to be correct that Plaintiff did not specifically allege a hostile work environment in her EEOC charges.[4]  However, "[e]ven when an employee seeks judicial relief for claims not listed in the original EEOC charge, the complaint

---

[4] The Court grants Defendants' request to take judicial notice of the charges of discrimination and the EEOC's right-to-sue letters.  Plaintiff's objection to the documents, which is based on a lack of authenticating testimony, is overruled.  Although it would have been preferable for Defendants to attach the documents to a declaration attesting to their authenticity, Plaintiff does not actually claim that the documents are inauthentic and, given that she filed the charges and received the right-to-sue letters, she would be in a position to do so.  There does not appear to be any serious question that the documents are authentic.

'nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge.'" Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002) (quoting Oubichon v. N. Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973)). Allegations are "reasonably related" to those in an EEOC charge if they either "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (quoting BKB v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002)) (emphasis in original). In determining whether allegations are reasonably related, "it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." Id. (quoting BKB, 276 F.3d at 1100).

    Plaintiff's first charge of discrimination alleges that she was reprimanded in March, 2007 and that male employees were not similarly treated. According to the complaint, Plaintiff was being subjected to a sexually hostile work environment at the time she received the reprimand. It is likely that any EEOC investigation of the reprimand would have looked into the nature of Plaintiff's work environment, in that any evidence of a sexually hostile work environment would have supported a finding that Plaintiff's reprimand was discriminatory. The hostile work environment allegations are therefore reasonably related to the allegations in Plaintiff's first EEOC charge, and the Court will not dismiss the hostile work environment claim for failure to exhaust.

8

### 2. FEHA

FEHA, like Title VII, requires a plaintiff to exhaust his or her administrative remedies prior to bringing suit. This involves filing a complaint with the California Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue letter. Martin v. Lockheed Missiles & Space Co., 29 Cal. App. 4th 1718, 1724 (1994).

Plaintiff alleges in the complaint that she exhausted her administrative remedies under FEHA by filing complaints with the DFEH and receiving right-to-sue letters. No documents from the DFEH proceedings have been submitted in this proceeding, and thus the allegations in the complaint stand unquestioned. Defendants, however, argue that Plaintiff's FEHA claim should be dismissed because she does not allege that she served the DFEH right-to-sue letters on them. In support of this argument, Defendants cite only subsections (a) and (b) of California Government Code §§ 12965(a). These subsections do not contain a service requirement of the type Defendants describe, and do not appear to have anything to do with this case. Nor does Martin, which Defendants cite for the general proposition that a FEHA plaintiff must exhaust his or her administrative remedies with the DFEH, describe such a service requirement. Because Defendants have provided no legal support for their FEHA exhaustion argument, the Court rejects it.

### 3. Section 1983

Defendants argue that Plaintiff may not proceed with her fourth or fifth cause of action against Defendants Plack and Capon because she has not exhausted her administrative remedies under Title VII by filing a charge of discrimination against them with

9

the EEOC.  Defendants rely on the incorrect assumption that the fourth and fifth causes of action are brought under Title VII.  As the complaint states, these causes of action are brought under § 1983, and Defendants have cited no authority for the proposition that a plaintiff must pursue administrative remedies before bringing a § 1983 action against individual state employees for employment discrimination.

    4. Compliance with the California Tort Claims Act

 California's Tort Claims Act, Cal. Gov't Code § 810 et seq., requires that a plaintiff seeking to assert certain claims under state law must first file an administrative claim with the appropriate state agency.  Defendants assert that Plaintiff's claims under Title VII and § 1983 are barred because Plaintiff did not comply with the Tort Claims Act.  This argument is wholly without legal support.  Defendants cite no authority for the proposition that the California Tort Claims Act, which (as its name suggests) applies primarily to common law tort claims, precludes a plaintiff from asserting federal claims in federal court.

 B. Statute of Limitations

 As noted above, a person may file suit within "ninety days after the giving of" a right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  Defendants assert that Plaintiff did not file suit within ninety days of the date of the EEOC's right-to-sue letters, and her claims are therefore time-barred.  However, Defendants' argument is premised on the incorrect assumption that Plaintiff was required to file the complaint within ninety days of the date on which the letters were dated: July 24, 2008.  In fact, as the letters themselves state, and as confirmed by controlling

10

authority that Defendants do not cite, Plaintiff was required to file the complaint within ninety days of the date on which she <u>received</u> the letters. Defs.' Req. for Judicial Notice Ex. B; <u>Payan v. Aramark Mgmt. Servs. Ltd. P'ship</u>, 495 F.3d 1119, 1122 (9th Cir. 2007) ("We measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record.").

According to the complaint, Plaintiff received the letters on July 28, 2008. Ninety days after July 28 is October 26. In 2008, October 26 fell on a Sunday. Accordingly, Plaintiff was required to file the complaint by October 27, 2008. <u>See</u> Fed. R. Civ. P. 6(a)(3). The complaint was filed on October 24, 2008, and thus was timely.

Confronted with the fact that the ninety-day limitations period begins to run upon receipt of a right-to-sue letter, Defendants urge the Court to disbelieve the first amended complaint's allegation that Plaintiff received the letters on July 28, 2008, because the original complaint did not contain such an allegation. There is, of course, no basis for the Court to refuse to credit any of the allegations in the first amended complaint on this motion. And, in any event, <u>Payan</u> establishes a rebuttable presumption that Plaintiff received the right-to-sue letters three days after they were mailed. 495 F.3d at 1125. Thus, even in the absence of an allegation regarding Plaintiff's actual receipt of the letters, she would be presumed to have received them on July

11

27, 2008.[5] Ninety days after July 27 is October 25. Because October 25, 2008 was a Saturday, Plaintiff would have had until October 27, 2008 to file the complaint. Accordingly, even if the Court were to disregard Plaintiff's allegation that she received the letters on July 28, 2008, the action would still be timely.

C. Redundancy

Defendants argue that the fourth and fifth causes of action against the City are redundant and must be dismissed. To begin with, the fifth cause of action is asserted against Defendants Plack and Capon, not the City, and thus Defendants request relief that cannot be granted. As for the fourth cause of action, even if redundancy of the type Defendants allege would be grounds for dismissing it, it is distinct from Plaintiff's first three causes of action against the City. Those causes of action charge the City, as Plaintiff's employer, with violating Title VII and FEHA on the basis that the City engaged in conduct directed at her particularly. The fourth claim is brought pursuant to § 1983 and alleges constitutional violations based on the City's alleged

---

[5] The letter was mailed on July 24, 2008 -- a Thursday -- and Saturdays and Sundays are normally excluded from any computation involving a time period of less than eleven days. Fed. R. Civ. P. 6(a)(2). Nonetheless, the Ninth Circuit in Payan included a Saturday and Sunday in calculating the end of the three-day period in that case, which fell on a Monday. See 495 F.3d at 1125. It is not clear whether the Payan court intentionally departed from the ordinary rule regarding Saturdays and Sundays or merely overlooked it. Departing from the rule here would result in the legal fiction that Plaintiff received the letter on July 27, 2008, a Sunday. The Court need not decide whether, instead of presuming the letter received on July 27, it should either exclude July 26 and 27 from the calculation pursuant to Rule 6(a)(2), which would lead to a presumption of receipt on July 29, or deem the letter received on the next business day after July 27 pursuant to Rule 6(a)(3), which would lead to a presumption of receipt on July 28; even calculating the ninety-day period as beginning on July 27, the action is timely.

"policy or custom" of discriminating against female police officers. See Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). It is not redundant and will not be dismissed as such.

### D. Claims Against Individual Defendants

Defendants argue that "individual Defendants cannot be sued for discrimination or retaliation," and thus the fourth and fifth claims against Defendants Capon and Plack must be dismissed. In support of their argument, they cite only California case law holding that individual employees cannot be sued for discrimination or retaliation under FEHA. Plaintiff's claims against Defendants Capon and Plack are brought under § 1983, not FEHA, and Defendants have pointed to no law suggesting that these Defendants cannot be held liable under § 1983.

Defendants also argue that Plaintiff's § 1983 claims against Capon and Plack must be dismissed because she has not shown that they were acting under color of state law. It is true that the complaint contains no specific allegations about these Defendants' involvement in any discriminatory acts, and for this reason it fails to state a claim against them. Nonetheless, it is clear that Plaintiff charges Capon and Plack with liability for their role as supervisory officials within the Crescent City Police Department. To the extent any second amended complaint contains allegations sufficient to state a claim under this general theory of liability, it will demonstrate that Capon and Plack were acting under color of state law.

Defendants further argue that Plaintiff's claims against Capon and Plack in their official capacities must be dismissed. It is

13

true that a § 1983 action cannot be brought against state actors in their official capacities because such a claim is essentially one against the state itself,[6] but the complaint <u>explicitly</u> states that Capon and Plack are being sued in their <u>individual</u> capacities. Defendants' insistence that Capon and Plack are being sued in their official capacities reflects a misapprehension of the concept of official capacity liability. Defendants appear to believe that any claim against an individual based on conduct taken in the course of discharging his or her duties as an agent of the state is, by nature, an attempt to impose official capacity liability. This cannot be the case, because Defendants' theory would preclude <u>all</u> claims against individuals acting under color of state law, thereby eviscerating § 1983.

E.  Section 1983 Claims Against the City

Defendants correctly note that, for the City to be liable for employment discrimination under § 1983, Plaintiff must allege that a City policy, custom or practice caused her injury. <u>See</u> <u>Monell</u>, 436 U.S. at 691. Because the complaint does not contain sufficient allegations to state a claim against any Defendant, the Court cannot determine whether Plaintiff has properly alleged that any discrimination represented a policy, custom or practice of the City. The Court notes, however, that Plaintiff alleges that she complained about the discrimination she was experiencing to the City Counsel and the City Manager directly. Depending on the

---

[6]Capon and Plack are employees of a municipality, not the State of California. An official capacity claim against them therefore would not be barred by the Eleventh Amendment, but would be subject to the same limitations as Plaintiff's § 1983 claim against the City itself. <u>See</u> <u>Monell</u>, 436 U.S. 658.

14

nature and degree of involvement of high-level City officials, Plaintiff may be able to state a <u>Monell</u> claim in the Second Amended Complaint against the City.

F.  Governmental Immunity

Defendants argue that, pursuant to California statute, they enjoy absolute immunity from liability on all of Plaintiff's claims. This argument is frivolous and requires little discussion. Suffice it to say that there is no authority for the sweeping proposition that state agencies and their employees are immune from liability for employment discrimination under Title VII, § 1983 and FEHA. The cases and statutes Defendants cite are not on point.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket No. 19) is GRANTED. The complaint is dismissed with leave to amend to allege facts sufficient to cure the defects identified in this order. If Plaintiff wishes to file a second amended complaint, she must do so by March 31, 2009 or the case will be closed. An answer or motion to dismiss must be filed by April 20, 2009.

The hearing scheduled for March 19, 2009 is VACATED. The case management conference scheduled for March 19, 2009 is continued to May 28, 2009 at 2:00 p.m. Any motion to dismiss the second amended complaint must be noticed for hearing simultaneously with the case management conference.

IT IS SO ORDERED.

Dated: 3/17/09

CLAUDIA WILKEN
United States District Judge

15